IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE TRAVELERS INDEMNITY :
COMPANY, :
: 
                Plaintiff, :        CIVIL ACTION NO. 14-4624
:
     v. :
:
KAREN and OLIVER BECK and, :
PEARL M. BECK, :
:
          Defendants. :

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                 April 23, 2015

In this case, an insurance company seeks a declaration that it does not have a duty to defend or indemnify its insured with respect to an underlying action currently pending in state court. The plaintiffs in that underlying state-court action filed a motion to intervene or to require joinder of parties in this case, and the court held a hearing on the motion. At the hearing, the court *sua sponte* raised the question of whether the court should decline to exercise jurisdiction under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–2202. In response to the court granting leave to the parties to brief the issue of the court's jurisdiction in this case, two of the defendants filed a joint motion for judgment on the pleadings and the proposed intervenors filed a motion to dismiss for lack of jurisdiction.

For the reasons set forth below, the court declines to exercise jurisdiction over this matter under the DJA and stays this action for a period of six months. Because of the court's disposition of this issue, the court will not address the motion for judgment on the pleadings and will deny it as moot. In addition, under this disposition, the court will deny without prejudice the

motion to intervene and/or require joinder of parties in the instant action.  The court will also deny the motion to dismiss.

## I.   ALLEGATIONS AND PROCEDURAL HISTORY

On February 25, 2014, the plaintiff, The Travelers Indemnity Company ("Travelers"), filed a federal complaint against the defendants, Karen and Oliver Beck, and Pearl Beck,[1] in which it seeks a declaration that it does not have a duty to indemnify the defendants in an underlying state-court action that has been pending in the Lehigh County Court of Common Pleas since December 2012.  Compl. at 1-2 & Ex. A, Doc. No. 1.[2]  The defendants, Karen Beck and Pearl Beck, filed an answer and counterclaim on August 28, 2014.  Doc. No. 6.  The defendant, Oliver Beck, filed an answer and counterclaim on September 8, 2014.  Doc. No. 9.  On October 24, 2014, the plaintiffs in the underlying state court action, C.Y., a minor, by her parents and natural guardians, T.Y. and J.Y., and T.Y. and J.Y., husband and wife, individually ("the Intervenors"), filed a motion to intervene and/or to require joinder of parties.  Doc. No. 13.  On November 17, 2014, Travelers filed a response in opposition to the Intervenors' motion.  Doc. No. 15.

On November 24, 2014, the court held oral argument on the motion to intervene, and *sua sponte* raised the question of whether the court should decline to exercise DJA jurisdiction over this matter under *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014).  The court granted the parties leave to brief the issue.  On December 11, 2014, Karen Beck and Pearl Beck jointly filed a motion for a judgment on the pleadings and asked the court to decline to exercise

---

[1] Pearl Beck's answer to the complaint and motion for judgment on the pleadings indicate that she has been mistakenly identified in the caption as Pearl M. Beck, instead of Pearl N. Beck.  For simplicity and uniformity, the court will omit the middle initial when referencing her throughout this opinion.

[2] This underlying action is captioned at *C.Y., By Her Parents and Natural Guardians, T.Y. and J.Y. and T.Y and J.Y, h/w  v. Oliver Larry Beck and Karen E. Beck, h/w, and Pearl Beck*, No. 2012-C-5388, and aims to impose liability on the defendants in connection with the alleged molestation of a minor, C.Y., by Oliver Beck, the spouse and co-insured of Karen Beck under a Travelers Homeowners Policy, and the son of Pearl Beck, an insured under a separate Travelers policy.  Compl. at Ex. A.

jurisdiction under the DJA.  Br. of Karen Beck and Pearl N. Beck in Supp. of Their Mot. for J. on the Pleadings ("Karen Beck and Pearl Beck's Br."), Doc. No. 18-1.  On December 15, 2014, Travelers filed a brief in support of retaining federal jurisdiction.  Pl. The Travelers Indemnity Company's Br. in Supp. of Retaining Fed. Jurisdiction ("Travelers' Br."), Doc. No. 19.  On December 16, 2014, the additional defendants/intervenors filed a motion requesting that the court decline jurisdiction.  Mem. of Law in Supp. of Mot. of Addt'l Def.'s/Intervenors, C.Y., a Minor, by Her Parents and Natural Guardians, T.Y. and J.Y., and T.Y. and J.Y., h/w, Individually ("Intervenors' Br."), Doc. No. 20.  Oliver Beck did not file a brief or a motion.  The DJA jurisdictional issue is ripe for disposition.

## II.      DISCUSSION

### A.      Jurisdiction Under the DJA

This court has previously held that under *Reifer*, the first step in evaluating whether to exercise jurisdiction over a DJA case is to determine whether the underlying action constitutes a parallel proceeding.  *See State Nat'l Ins. Co. v. Landis*, Civil Action No. 14–607, 2015 WL 291722, at *5 (E.D. Pa. Jan. 15, 2015) (applying *Reifer* to an insurance coverage dispute involving an underlying action pending in the Court of Common Pleas of Lancaster County).  If the court finds that it is a parallel proceeding, it creates a rebuttable presumption against exercising jurisdiction.  *Id.*  Second, the court must consider several factors to determine whether to override the rebuttable presumption.  *Id.* at *5-6.

Regarding the first step, Karen Beck and Pearl Beck argue that while there is not an identical parallel state proceeding, the two are intertwined.  *See* Karen Beck and Pearl Beck's Br. at 10-11.  Travelers argues that "there is no parallel state court action involving the exact same

issues as the current case." Travelers' Br. at 9.[3]  For the reasons explained below, the court finds

that the pending Lehigh County action does constitute a parallel proceeding.

"The Supreme Court has described a 'parallel' proceeding as 'another proceeding . . .

pending in a state court in which all the matters in controversy between the parties *could* be fully

adjudicated.'"  *Reifer*, 751 F.3d at 137 n.9 (emphasis added) (citing *Brillhart v. Excess Ins. Co.*

*of Am.*, 316 U.S. 491, 495 (1942)).  In other words, it is "a currently-engaged state court action

that is competent as a matter of state procedural and substantive law to allow full adjudication of

all matters raised in the federal action."  *Landis*, 2015 WL 291722 at *7.  "Because the [Lehigh]

County action has the potential to encompass the issues currently raised in this action, it is a

parallel proceeding and the court, therefore, employs the applicable *Reifer* presumption in favor

of declining jurisdiction."  *Id.* at *8.

Turning to the second part of the *Reifer* analysis, there are no countervailing factors that

rebut the presumption.  Karen Beck and Pearl Beck agree that no such factors exist; however,

Travelers attempts to raise several factors, which the court will address.  Travelers first argues

that the fact that the applicable state law at issue is settled justifies exercising jurisdiction.

Travelers' Br. at 12-15.  If Travelers is correct, the need for federal restraint is not diminished;

instead, it is actually amplified given the Third Circuit's observation that "there would seem to

be even less reason for the parties to resort to the federal courts" when state law "is firmly

established."  *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000).[4]

---

[3] The Intervenors also filed a motion to dismiss the case for lack of jurisdiction.  Because, as discussed below, the
Intervenors' motion to intervene in this case will be dismissed without prejudice, and because the Intervenors'
position with respect to the court's exercise of jurisdiction is presented by Karen Beck and Pearl Beck, the court will
not rely on the Intervenors' motion in deciding whether to exercise jurisdiction.
[4] Even if the applicable state law was unsettled, *Summy* cautioned district courts to "'step back' and allow the state
courts the opportunity to resolve unsettled state law matters."  234 F.3d at 136.

Travelers also argues that (1) "a judicial determination of the coverage available will resolve the issues giving rise to the controversy," and will "inform the parties of their respective rights, duties and obligations under the subject insurance policies," (2) that this court is a more convenient forum, and (3) that "[t]he public interest will be enhanced by this Honorable Court's determination of the applicability of the sexual molestation exclusion and whether similar Pennsylvania Federal Court holdings on the issue are appropriate."   Travelers' Br. at 15. Contrary to Travelers' contentions, a federal court is no better able or equipped to resolve these issues than a Pennsylvania state court, and because the application of Pennsylvania law will ultimately decide the legal issues, there is no specific need for a federal court to weigh in on this dispute.   Additionally, the convenience of the parties does not weigh in favor of either retaining or declining jurisdiction.

Travelers further argues that (1) while a state court is able to decide the issue of insurance coverage, because federal courts have already decided similar cases, consistency favors retaining jurisdiction, (2) the issues are not pending in state court therefore there is no risk of *res judicata* or forum shopping, (3) under Pennsylvania law, the duty to defend is measured in the same manner whether the case was brought in federal or state court.   These contentions are unpersuasive. First, while federal courts have decided similar cases, the court finds that because this case encompasses only state-law issues, this favors resolution by a state court.   Second, the court finds that this case does present risks of forum-shopping and duplicative litigation, particularly when Travelers can intervene in the state court action and raise these issues there. *See Nationwide Mut. Ins. Co. v. N & B Enters., Inc.*, No. 3:15CV91, 2015 WL 1651157, at *3 (M.D. Pa. Apr. 14, 2015).  Further, "[g]ranting the plaintiff's request would unnecessarily lead to a piecemeal resolution of the dispute." *Atlantic Cas. Ins. Co. v. Zymblosky*, No. CIV.A. 3:14-1021, 2015 WL 507203, at *4 (M.D. Pa. Feb. 6, 2015).  Finally, Travelers would have a conflict

of interest regardless of whether it brought the declaratory judgment in state or federal court, therefore the court finds that this factor is neutral.

Despite Travelers' arguments, there are simply no factors powerful enough to override *Reifer*'s presumption against exercising jurisdiction.  A stay or dismissal of this action is thus warranted.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (stating that "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close" (footnote omitted)).

Karen Beck and Pearl Beck have requested dismissal of this case, but neither they nor Travelers have argued for a stay as an alternative to a dismissal.  Nonetheless, given the Supreme Court's preference for a stay in situations such as the present one, the court will stay this action for a period of six months with the understanding that the court will reexamine the propriety of declining to exercise jurisdiction over this matter at the conclusion of this period.  *See Wilton*, 515 U.S. at 288 n.2 ("We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." (citation omitted)).

## B.    <u>The Motion for Judgment on the Pleadings</u>

Although the court considered the arguments raised in Karen and Pearl Beck's motion for judgment on the pleadings and supporting memorandum of law in addressing the jurisdictional issue in this case, the court need not address the motion.  Accordingly, the court will deny the motion as moot.

C.   __The Motion to Intervene and/or Require Joinder of Parties and the Motion to Dismiss__

As noted above, the Intervenors filed a motion to intervene and/or to require joinder of parties in this action.  They also filed a motion to dismiss for lack of jurisdiction.  Given the court's decision to stay this case for a period of six months, the court need not, at this point, decide the merits of the motion to intervene and/or to require joinder of parties.  Therefore, the court will deny the motion to intervene without prejudice to the Intervenors re-raising the issue, if necessary, at a later date.  In addition, as the court has not yet permitted the Intervenors to intervene, the court will deny the motion to dismiss for lack of jurisdiction.[5]

### III.   CONCLUSION

For the foregoing reasons, the court declines to exercise jurisdiction under the DJA and stays this matter pending further review of the status of the case after six months.  The court's disposition of this issue means that the court need not address Karen Beck and Pearl Beck's motion for judgment on the pleadings and, as such, the court will deny the motion as moot.  In addition, because the court is staying this action pending the outcome of the state proceeding, the court also denies without prejudice the Intervenors' motion to intervene and/or to require joinder of parties.  Furthermore, because the Intervenors are not yet parties to this action, the court will deny the motion to dismiss for lack of jurisdiction.

An appropriate order follows.

BY THE COURT:


_/s/ Edward G. Smith_____
EDWARD G. SMITH, J.

---

[5] Even if the court had considered this motion, the court would deny it as moot.